## GLAZIER v. INGHAM CIRCUIT JUDGE.

1. MANDAMUS—CHANGE OF VENUE—MATTERS CONSIDERED—MATTERS NOT PRESENTED BELOW.
    On mandamus to compel a circuit judge to set aside an order denying a change of venue, matters contained in the petition and brief for relator that were not presented to the circuit judge, and were not within the grounds assigned in the motion, will not be considered.

2. CRIMINAL LAW—VENUE—CHANGE—RIGHT OF ACCUSED.
    The defendant in a criminal case has no absolute right to a change of venue; such right depending upon a showing of cause.

3. SAME—DENIAL—DISCRETION OF COURT—CONTROL BY MANDAMUS.
    Where the showing made to secure a change of venue in a criminal case is met by counter affidavits which call for the exercise of the sound judgment and discretion of the circuit judge, his decision ought not to be disturbed by this court by mandamus except in case of a clear abuse of discretion.

4. SAME—SUFFICIENCY OF SHOWING—ABUSE OF DISCRETION.
    Where the most of the showing in support of a motion for a change of venue in a criminal case would apply to all the populous counties of the State, and the showing of actual prejudice is met by counter affidavits which call for an exercise of sound judgment on the part of the circuit judge, no abuse of discretion in denying the motion appears.

Mandamus by Frank P. Glazier to compel Howard Wiest, circuit judge of Ingham county, to vacate an order denying a change of venue. Submitted May 26, 1908. (Calendar No. 22,864.) Writ denied July 1, 1908.

*J. S. Gorman* and *A. J. Sawyer*, for relator.

*Walter S. Foster*, Prosecuting Attorney, for respondent.

PER CURIAM. Three indictments have been returned and filed against relator upon presentment by a grand jury for the county of Ingham charging him with criminal violations of his official duties as State treasurer.

For the purpose of obtaining a change of venue, relator applied to respondent, by motion supported by affidavits of his son, of Mr. Gorman, his attorney in the criminal cases, and of Mr. Kirkby, attorney, of the city of Jackson, requesting that the venue be transferred to Jackson county. The grounds of the motion are as follows:

"1. Because the defendant cannot have a fair and impartial trial in the circuit court for the county of Ingham aforesaid, upon the three indictments filed against him for that Fred M. Warner, the governor of the State of Michigan, has, by his personal, official and political influence, prejudiced and poisoned the people of the county of Ingham against this defendant.

"2. This defendant cannot have a fair and impartial trial on the three above named indictments, in the said county of Ingham, because of the inaccurate, partial and prejudicial accounts of the defendant's transactions involved in each of said prosecutions under each of said indictments, published by the newspapers of Ingham county and the newspapers published outside of said county and circulating therein.

"3. This defendant cannot have a fair and impartial trial in the said county of Ingham because of the fact that the three indictments found against this defendant by the grand jury of Ingham county at the January term, 1908, consisting of, to wit: twenty men, selected from all parts of the county of Ingham and residents of said county, have aroused public attention and caused such comment, not only in the public newspapers circulated in said county, but in the immediate neighborhood and among the friends and associates of each of said jurors respectively, causing said people to form fixed opinions on the subject of the guilt of defendant as charged in each of said indictments respectively.

"4. This defendant cannot have a fair and impartial trial in said county of Ingham because of the suspension of the Glazier & Gay bank at Stockbridge, in said county, in which many residents of said county were depositors in said bank, who, bearing great loss of their de-

posits, believe said defendant guilty as charged in each of said indictments respectively.

" 5. This defendant cannot have a fair and impartial trial in said Ingham county because of the personal, official and political influence of Governor Warner against this defendant; because of the prejudice and bias occasioned by the actions of the grand jury towards this defendant; because of the newspaper publications in Ingham county and papers circulated in Ingham county, giving inaccurate and prejudiced statements with reference to defendant's official conduct; because of the failure of the Glazier & Gay bank at Stockbridge, which occasioned much comment and criticism by the people in that part of Ingham county against this defendant, causing great local prejudice therein, and causing much odium attached to this defendant."

Respondent denied the motion, making the following statements orally in connection therewith:

" It should be kept in mind that the respondent is not and has not been a resident of Ingham county and that the indictments against him relate to his doings while he was State treasurer and the venue is here because the Capitol is in this county.

" The cases are local, only because the venue must be laid here at the seat of government.  The principal affidavit in support of the motion is that of the respondent's son who lives in Washtenaw county, and who neither deposes on actual knowledge of local conditions here, nor discloses the sources of the information upon which he bases his conclusion—at least, that is the opinion I get from his affidavit.

" This court cannot take judicial notice that the governor of this State, by personal, official or political influence, moves the people of this county any more than those of Jackson or any other populous county, and can give little or no weight to respondent's son's conclusion that the governor has poisoned the minds of our people against his father.

" The newspaper clippings are from a Detroit paper of State-wide circulation and of which the people here are no more partial than those in Jackson county.

" The failure of the Glazier & Gay private bank at Stockbridge affected the people in the extreme southern part of the county, and socially and commercially, it is

safe to say, the people there are, by reason of direct railroad communication, more closely allied to Jackson than Lansing or Mason, and the three jurors from Stockbridge, White Oak and Ingham can easily be excused from sitting in the case. That because twenty grand jurors from all parts of the county presented the indictments should cause the trial to be held in some other county would be so novel a ground, if considered good cause, as to astound the States where all persons must be put on trial by way of indictment, and cannot be taken as good cause.

"A statutory proceeding by the people, and once the only method of procedure, and yet maintained by the Federal government and many States, cannot be considered prejudicial to the right of fair and impartial trial. The respondent is of right entitled to a fair and impartial trial and no good cause is shown to exist to prevent him from enjoying such right in this county."

Relator applied to this court for the writ of mandamus to require respondent to grant his motion, and the matter is now before us upon respondent's return to the order to show cause. Such matters contained in the petition and brief for relator as were not presented to the respondent and not within the grounds assigned in the motion are not proper for our consideration, and are, therefore, disregarded.

Thirty counter affidavits were filed in behalf of the prosecution, from residents of the cities of Lansing and Mason and from each of the townships in the county, in which each of the affiants swore as to his community:

" That in said community there has been some discussion of the indictments against said Frank P. Glazier, now pending in the said court and that he is familiar with the public sentiment in said community toward said Frank P. Glazier; that the people of said community have not, by reason of the personal, official or political influence of Fred M. Warner, by the publishing of the newspaper accounts referring to said indictments, by the action of the recent grand jury in said county, by the suspension of the Glazier & Gay bank at Stockbridge, nor for any other reason, become so prejudiced, biased or poisoned against Frank P. Glazier that it would be impossible to give said

Frank P. Glazier a fair and impartial trial in said county of Ingham upon said indictments.

" Deponent further says that he has good reason to believe and does firmly believe that a fair and impartial jury for the trial of said Frank P. Glazier on said indictments could be readily obtained in said Ingham county."

The strongest showing as to local prejudice is that contained in the affidavit of Mr. Kirkby, relating to the sentiment in the village of Stockbridge. This affidavit is met by the affidavit of William Craig of the township of Stockbridge, and, even if its force were unimpaired, would not alone be sufficient to require this court to reverse the ruling of the respondent. 4 Enc. Pl. & Prac. p. 398 (3).

The defendant in a criminal case has no absolute right to a change of venue. Such right depends upon a showing of cause to be made by him. And where, as in this case, most of the showing made would apply to all of the populous counties in the State, and the showing of actual prejudice is met by counter affidavits which call for the exercise of the sound judgment and discretion of the circuit judge, his conclusion ought not to be disturbed by this court except in case of a clear abuse of discretion. *People* v. *Peterson,* 93 Mich. 27; 12 Cyc. p. 243 *d.*

We find no evidence of any abuse of discretion on the part of respondent, and the writ is denied.